Magistrate Judge Christel

FILED _____ LODGED
_____ RECEIVED

JUN 19 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WIEGARDT BROS., INC.,<br><br>Defendant. | NO. CR15-5300DWS<br><br>PLEA AGREEMENT |

The United States of America, by and through Annette Hayes, United States Attorney for the Western District of Washington, James D. Oesterle, Assistant United States Attorney, and Karla G. Perrin, Special Assistant United States Attorney for said District, Defendant WIEGARDT BROS., INC., and its attorneys, Bart Freedman, Jeffrey L. Bornstein, and Ankur Tohan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to negligently failing or causing the failure to take samples and measurements, from the Wiegardt Bros., Inc. facility that were representative of the volume and nature of the monitored pollution parameters contrary to the terms of a National Pollutant Discharge Elimination System

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(NPDES) permit issued pursuant to the Clean Water Act, Title 33, United States Code, Section 1342, in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A).

2. **Elements of the Offense**. To establish liability for the charged offense of negligently violating a NPDES permit as charged in Count 1 of the Information, the United States must prove that the Defendant:

    a.     Is a person who;

    b.     Negligently;

    c.     Violated a condition of a permit implementing a section of the Clean Water Act.

Defendant acknowledges that under established principles of corporate liability and respondeat superior, as these principles apply in the instant case, corporate defendants are liable for the actions of their employees, agents, and servants under circumstances where the employees, agents, and servants are acting within the scope of their agency and their actions are intended, at least in part, to benefit the corporate defendant. *See, e.g. United States v. Beusch*, 596 F.2d 871 (9th Cir. 1979); *United States v. Powder Puff Co.*, 163 F.2d 1008 (7th Cir. 1947); and *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 495 (1909).

3. **The Penalties**. Defendant understands that the statutory penalties for the offense of violating the terms of a National Pollutant Discharge Elimination System (NPDES) permit issued pursuant to the Clean Water Act as charged in Count 1 of the Information are as follows: a fine of up to Twenty Five Thousand Dollars ($25,000.00) per day of violation, pursuant to Title 33, United States Code, Section 1319(c)(1), or Two Hundred Thousand Dollars ($200,000.00), pursuant to Title 18, United States Code, Section 3571(c)(5), a period of probation of up to five (5) years, and a One Hundred Twenty Five Dollar ($125.00) special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, community service payment or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office if all required payments are not made immediately.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Applicability of United States Sentencing Guidelines.** Defendant understands and acknowledges that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to the sentencing in this case for advisory purposes, except that pursuant to USSG §§ 8C2.1, Chapter 8 of the United States Sentencing Guidelines does not apply to determine the appropriate fine in this case. Defendant understands and acknowledges that, at sentencing, the Court must consider the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    **Sentencing Agreement.**  Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and in recognition of Defendant's self-reporting of the violation and its continuing cooperation with the government and the fact that there is no evidence of environmental harm, the parties agree to jointly recommend at the time of sentencing that the Court impose the following sentence:

    a.    <u>Fine</u>.  Defendant shall pay a criminal fine in the amount of One Hundred Thousand Dollars ($100,000) which does not include an amount to be paid in the form of community service as described below.  The payment obligation for such fine shall be joint and several with co-defendant Frederic "Fritz" Wiegardt.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     b.    <u>Mandatory Special Assessment</u>. Defendant shall pay a special assessment of One Hundred Twenty Five Dollars ($125) as to Count 1.

     c.    <u>Payment of Fine, Assessments, and Community Service</u>. Defendant agrees that all monetary penalties imposed by the Court, including the fines, community service, and special assessments, shall be paid on the day of sentencing. Payments of the criminal fine and special assessments shall be made in the form of a check(s) payable to "United States District Court Clerk." Payment of the community service amount set forth in subparagraph f, shall be made in the form of a check payable to the "National Fish and Wildlife Foundation."

     d.    <u>Probation</u>. Defendant will be placed on organizational probation for a period of three (3) years pursuant to USSG §§ 8D1.1 and 8D1.2. The parties agree that the Defendant can petition the Probation Office no earlier than two years following entry of the judgment to terminate the probationary term provided the environmental compliance plan outlined below has been fully implemented as verified by a third party consultant. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

     i.    <u>No Further Violations</u>. Defendant agrees not to commit any further violations of federal, state or local environmental criminal law, and shall conduct all its operations in accordance with federal, state or local environmental statutes and regulations.

     ii.    <u>Environmental Management System</u>. Consistent with the sentencing policies set forth in § 8D1.4 of the Federal Sentencing Guidelines, Defendant, through its authorized representatives, agrees to develop, adopt, implement and fund an Environmental Management System (EMS) during the probationary period. The EMS is designed to ensure compliance with the applicable environmental laws and regulations. Defendant agrees that the EMS will comply with the special conditions of probation outlined below, and that the Standards and Requirements for the EMS, agreed to by the United States, will be filed with the Court as an attachment to this Agreement on or

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

before the date of sentencing. Defendant understands and agrees that if the Standards and Requirements for the EMS are not agreed upon by the date of sentencing, the United States reserves the right to withdraw from this Agreement and pursue all charges for which there is probable cause. If Defendant changes its name, re-organizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of the Defendant shall take over the responsibility to develop, implement, fund and maintain the EMS, provided that the person or entity acquiring the assets or taking over the operations are wholly or partially owned or controlled, directly or indirectly, by Wiegardt Bros., Inc., their parent companies, affiliates, successors in interest or assigns.

Defendant shall be responsible for all costs associated with the development, implementation, maintenance and monitoring of the EMS.

During the period of probation, a third-party, independent monitor shall conduct an audit once per calendar year to ensure Defendant's compliance with the Plea Agreement and probation conditions and the development, implementation and maintenance of the EMS in accord with the Standards and Requirements filed with the Court. Defendant will assume all costs and expenses associated with the employment and expenses of the audit. Defendant agrees to provide the third-party monitor with unrestricted access to the Wiegardt Bros. facility, including all relevant employees, documents and computers during the audit and to facilitate access to any relevant contractors and contractor employees. All reports and draft reports issued by the auditor will be delivered to the Probation Office, United States Attorney's Office and the U.S. Environmental Protection Agency/Criminal Investigation Division-Seattle Office prior to or simultaneously with delivery to Defendant.

e. <u>Access</u>. Defendant agrees that during the period of probation, and at all reasonable times and with as reasonable of a prior notice by the United States as practicable, they will provide the United States with full access to processing plants as well as, all facilities, employees, and records relevant to monitoring compliance with the

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | terms and conditions of its probation. The United States will make all reasonable efforts
2 | to ensure that any visits pursuant to this agreement will not delay or interfere with
3 | operations at the processing plant.
4 |         f.      Community Service. Defendant shall make an organizational community
5 | service payment in the amount of Seventy-Five Thousand dollars ($75,000) pursuant to
6 | §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the
7 | sentencing principles provided for under 18 U.S.C. § 3553(a). Defendant and the
8 | government agree that the organizational community service payment shall be made to
9 | the National Fish and Wildlife Foundation. The National Fish and Wildlife Foundation
10 | (NFWF) is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§
11 | 3701-3709. Its purposes include the acceptance and administration of "private gifts of
12 | property for the benefit of, or in connection with, the activities and services of the United
13 | States Fish and Wildlife Service," and the performance of "such other activities as will
14 | further the conservation and management of the fish, wildlife, and plant resources of the
15 | United States, and its territories and possessions for present and future generations of
16 | Americans." Id. § 3701(b)(1), (2). The community service payment shall be applied to
17 | projects directly impacting Willapa Bay and its surrounding area.
18 | Defendant, through its authorized representatives, will not characterize, publicize or refer
19 | to the community service payment as a voluntary donation or contribution.
20 |         g.      Public Apology. Pursuant to § 8D1.4(a) of the Federal Sentencing
21 | Guidelines, the parties agree that the Defendant will publicly apologize for its conduct by
22 | submitting notice of the plea disposition to the Pacific Coast Shellfish Growers
23 | Association for publication in the Association's quarterly newsletter. The notice must be
24 | pre approved by the United States Attorney's Office in consultation with the U.S.
25 | EPA/Criminal Investigation Division. The published apology will include the
26 | Defendant's name, the nature of the offense, the fact that the Defendant pled guilty, the
27 | sanctions imposed, and the apology itself. The public apology will be published
28 | following entry of judgment.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. <u>Application of the Agreement</u>. This Agreement shall bind Defendant and its subsidiaries and affiliates, including all subsidiaries and affiliates that technically manage and/or operate processing plants, and all successors in interest, if applicable, and all successors and assigns. Defendant shall provide immediate notice to the United States Attorney's Offices, and the U.S. Environmental Protection Agency/Criminal Investigation Division-Seattle Office of any of the following: any corporate name changes; any purchase or sale of vessels; any purchase, sale or reorganization or divestiture; or any other change impacting upon or affecting this Plea Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement. This Agreement does not apply to any processing plant owned by the Defendant which is subsequently sold in an arms-length transaction to an unrelated purchaser.

8. <u>Statement of Facts</u>. The parties agree on the following facts. Defendant admits that, by and through the actions of its employees, agents and servants, it is guilty of the charged offenses.

*Introduction*

Wiegardt Brothers, Inc. (WBI) is an oyster-processing facility in Ocean Park, Washington. WBI was incorporated in the State of Washington in 1958, but has been operating for five generations. Frederic "Fritz" Wiegardt is the current President and majority owner of WBI.

*Legal Standards*

The Clean Water Act, 33 U.S.C. § 1251, et seq., is the Nation's comprehensive water pollution control statute. The purpose of the Clean Water Act is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

U.S.C. § 1251(a). It was enacted to prevent, reduce, and eliminate water pollution in the United States and to conserve the waters of the United States for the protection and propagation of fish and aquatic life and wildlife, recreational purposes, and use for public drinking water, agricultural, and industrial use. 33 U.S.C. § 1252(a). To achieve these goals, the Clean Water Act, among other things, prohibits discharges of pollutants into waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System (NPDES) by the United States Environmental Protection Agency (EPA) or an authorized state. 33 U.S.C. §§ 1311(a) and 1342. The State of Washington Department of Ecology (DOE) has been authorized to administer elements of the NPDES program.

During all times relevant to this plea, the facility has operated pursuant to a NPDES permit issued by DOE under delegated authority from EPA pursuant to the Clean Water Act (CWA). The NPDES permit allowed WBI to discharge to Willapa Bay as long as certain conditions and parameters are met. Specifically, the permit required that WBI take monthly samples of the facility's effluent discharge. Those samples were required to then be submitted to a lab for analysis of various parameters, including fecal coliform. The results of the sample analysis were required to be submitted monthly to DOE on a Discharge Monitoring Report (DMR).

*Offense Conduct*

In approximately 2002, a new general manager was hired for WBI. In addition to other responsibilities at WBI, the new general manager was responsible for taking required monthly samples of the facility's effluent discharge pursuant to the NPDES permit. When the new general manager was hired, Fritz Wiegardt (Wiegardt) instructed him to take the samples the same way he did at his former employer, another oyster processing facility in the Willapa Bay area. Wiegardt was aware that the water samples were required to be taken at the facility's waste water discharge pipe, but he did not have further discussions with the new general manager as to where and how the samples should be taken.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

At some point, Wiegardt became aware that the general manager was not taking the samples at the discharge pipe because the hydro sieve, which filtered the water prior to discharge, was not working properly, resulting in insufficient water at the sampling location for a sample to be taken. Wiegardt did not approach the general manager to determine where he was taking the required monthly samples.

In approximately 2012 to 2013, the general manager specifically informed Wiegardt that he was taking the water samples from the bubbler instead of the waste discharge pipe. The "bubbler" is a water and air based cleaning system used in the production of shucked oysters prior to the oysters being jarred. Sampling from this location is not representative of the facility's waste stream and is not authorized by the facility's NPDES permit. Indeed, sampling from the bubbler – the location where shucked oysters are cleaned – failed to account for the vast majority of wastewater components that were discharged from the facility during hours of operation.

Despite knowing that sampling from the bubbler was improper, Wiegardt never directed the general manager to stop taking the monthly samples from the bubbler and instead to take them – as required – from the waste discharge pipe. Instead, Wiegardt allowed the improper sampling to continue for at least one more year until August 21, 2014, when Fritz Wiegardt met with environmental counsel who immediately initiated an internal investigation that ended this illegal practice. As the President of Wiegardt Bros., Inc., Fritz Wiegardt had a responsibility to ensure that the general manager was following the requirements of the permit, but he failed to intervene and put an end to the illegal sampling. At times relevant to this prosecution, Fritz Wiegardt was acting within the scope of his agency and his actions were intended, at least in part, to benefit WBI.

On August 22, 2014, WBI voluntarily disclosed the NPDES permit violations to the Washington State Department of Ecology. To date, WBI and Fritz Wiegardt have cooperated with regulatory and law enforcement authorities to develop and implement remedial measures related to discharges of wastewater from the facility and investigate the prior violation.

*U.S v. Wiegardt Bros., Inc.*
CR15-5300DWS - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.     **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report (if such Report is ordered), the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Nothing contained in this Agreement is meant to limit the rights and authority of the United States to take further civil or administrative action against the Defendant, including but not limited to, any listing and debarment proceedings to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies. This Agreement applies to crimes committed by the Defendant and has no effect on any proceeding against any entity or individual not expressly mentioned herein, including the actual or potential liability of any individuals.

10.    **Corporate Authorization**. Defendant represents that it is authorized to enter into this Agreement and to bind itself and any subsidiaries to the terms of this Agreement. On or before the date of entry and filing of the Plea Agreement, Defendant shall provide to the United States Attorney's Office and the Court with a written statement, under corporate seal and properly authenticated under the laws of the State of Washington, certifying that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of Wiegardt Bros., Inc. has been authorized by Defendant to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Breach of the Agreement.** If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Agreement, the government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Defendant recognizes that no such breach by it of any obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

12. **Waiver of Appeal.** Defendant, through its authorized representatives is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of this agreement, Defendant knowingly and voluntarily agrees to waive the following rights:

    a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, not including any restitution order imposed; and

    b. any right to bring a collateral attack against the conviction and sentence, not including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts that were dismissed or not charged pursuant to this Plea Agreement.

13. **Voluntariness of Plea.** Defendant, through its authorized representatives, agrees that it has entered into this Plea Agreement freely and voluntarily and they have been fully advised by counsel, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It

//

//

//

//

*U.S v. Wiegardt Bros., Inc.*
CR15-5300DWS - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 19th day of June, 2015.

**FOR THE DEFENDANT:**

_/s/ Frederic Wiegardt_
FREDERIC "FRITZ" WIEGARDT
Authorized Corporate Representative
On Behalf Of WIEGARDT BROS., INC.

_/s/ Jeffrey L. Bornstein_
JEFFREY L. BORNSTEIN
Counsel for Defendant

_/s/ Bart Freedman_
BART FREEDMAN
Counsel for Defendant

_/s/ Ankur Tohan_
ANKUR TOHAN
Counsel for Defendant

**FOR THE UNITED STATES:**

_/s/ James D. Oesterle_
JAMES D. OESTERLE
Assistant United States Attorney

_/s/ Karla Gebel Perrin_
KARLA GEBEL PERRIN
Special Assistant United States Attorney

U.S v. Wiegardt Bros., Inc.
CR15-5300DWS - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970